UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>BARRY CADDEN, ET AL., )<br>)<br>Defendants. )<br>) | Court No.: 14-cr-10363-RGS-3-9, 11-12 |

**MOTION OF DEFENDANT SHARON CARTER FOR LIMITING INSTRUCTION AND TO STRIKE CERTAIN TESTIMONY BY SPECIAL AGENT SLINEY**

Defendant Sharon P. Carter ("Carter") respectfully moves that the Court issue a limiting instruction and that it also strike certain testimony given at trial by Special Agent Sliney concerning an investigative interview he conducted of co-defendant Joseph M. Evanosky ("Evanosky"). Carter bases her request on the Confrontation Clause of the Sixth Amendment, as applied to out-of-court testimonial statements by codefendants. *E.g., Crawford v. Washington*, 541 U.S. 36 (2005); *Bruton v. United States*, 391 U.S. 123 (1968).

In support, Carter states as follows:

1. On Day 19 of the trial in this matter, the government elicited testimony from FBI Special Agent Phil Sliney that he and a fellow FBI agent interviewed Evanoksy on November 8, 2012, at the outset of the government's investigation in this matter. The interview took place after the New England Compounding Center ("NECC") ceased operations. The prosecutor asked Agent Sliney to summarize what Evanosky had said during that interview about the operation of clean room 1 at NECC, including issues relevant to several of the criminal charges currently being tried. In his testimony, Agent Sliney recounted, among other things, a statement

by Evanosky expressing his belief concerning the alleged knowledge of Sharon LNU concerning decisions made by Glenn Chin regarding the shipment of certain products.

2. Agent Sliney did not conclude his testimony on Day 19. In anticipation of further questions and further testimony by Agent Sliney concerning his interview of Evanosky, Carter respectfully makes two requests. <u>First</u>, pursuant to the holdings of *Crawford* and *Bruton*, Carter moves that the Court issue a limiting instruction to the jury at the outset of Day 20 that any statements made by Evanosky during any government interviews may be considered only against Evanosky, not against any of the other defendants. <u>Second</u>, Carter requests that the Court strike Agent Sliney's testimony concerning Evanosky's statement about Sharon LNU and instruct the jury that it may not consider that statement at all.

3. As grounds, Carter submits that Evanosky's out-of-court statements to Agent Sliney and his partner, even if admissible against Evanosky, are not independently admissible against Evanosky's jointly tried codefendants. The statements were made to law enforcement personnel; they were, accordingly, testimonial; and the interview occurred approximately a month after NECC had closed. Under these circumstances, absent an opportunity by the other defendants to cross-examine Evanosky, the Confrontation Clause not only bars the introduction of his statements against his codefendants but also requires the Court to give a limiting instruction to the jury that Evanosky's statements may only be considered as to him. *E.g., United States v. Vega-Molina*, 407 F.3d 511, 518-21 (1st Cir. 2005). In addition, given the facially incriminating nature of Evanosky's statement regarding Sharon LNU, the Confrontation Clause -- as interpreted and applied in *Bruton* -- should have caused the prosecution to refrain from eliciting that statement. To remedy that error, Carter moves that the Court strike the latter testimony from the record and instruct the jury to disregard it.

Respectfully submitted,

SHARON P. CARTER,

By her attorney,

*/s/ Michael J. Pineault*
Michael J. Pineault (BBO #555314)
CLEMENTS & PINEAULT, LLP
24 Federal Street
Boston, Massachusetts 02110
(857) 445-0135
mpineault@clementspineault.com

Dated November 6, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on November 6, 2018.

*/s/ Michael J. Pineault*
Michael J. Pineault