UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

GREGORY CONIGLIARO,
SHARON P. CARTER

ORDER ON MOTIONS FOR A NEW TRIAL

June 15, 2022

STEARNS, D.J.

These cases were remanded by the First Circuit Court of Appeals for a ruling on motions for a new trial after the appellate panel rejected this court's entry of judgments of acquittal on defendants' convictions under 18 U.S.C. § 371. *See United States v. Carter*, 15 F.4th 26 (1st Cir. 2021). In entering the judgments of acquittal, the court had declined (mistakenly) to rule on the motions for a new trial. The reason for so declining rested on the court's assessment that the issue was not one of sufficiency of evidence, but rather one of legal impossibility and denial of due process.

While the court's power under Rule 33 to grant a motion for a new trial is greater than its power to grant a motion for acquittal, *see United States v. Tothrock*, 806 F.2d 318, 318 (1st Cir. 1986), "[t]he remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict,'"

*United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996) (internal citation omitted). *See also United States v. Rivera Rangel*, 397 F.3d 476, 486 (1st Cir. 2005) (on a motion for a new trial, a district court does not sit as a thirteenth juror seeking out a result more to its liking).

Neither of those considerations apply here. Defendants raise the same arguments regarding rulings on evidentiary issues that the court has rejected previously in their cases, as well as those of the many other defendants caught up in the New England Compounding Center disaster. The court, after long and careful review, sees no utility in plowing the same grounds yet again.[1] The court will consequently deny the motions for a new trial and order the Clerk to set the cases for hearings on a sentence.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[1] The parties were invited to submit supplemental briefings and argument. They did so, although no issue has been raised that had not been rehearsed in prior proceedings. In other words, there is nothing this court could say that would add in any material aspect to the record that will be available to the Court of Appeals should there be a further review.